IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**UNITED STATES OF AMERICA**,

**Plaintiff,**

v.

**QAIS HUSSEIN,**

**Defendant.** No. 14-CR-30177-DRH-1

## MEMORANDUM and ORDER

**HERNDON, Chief Judge:**

Now before the Court is defendant's motion for copy of docket (doc. 251). Based on the following, the Court denies the motion.

In order to obtain documents free of charge, defendant must demonstrate: (1) that he has exhausted *all* means of access to his files (*i.e.* through his trial and appellate counsel), (2) that he is financially unable to secure access to his court files (*i.e.*, through a showing similar to that required in 28 U.S.C. Section 1915(a)(2) which includes a certified copy of the prisoner's account for the previous six-month period prior to filing), and (3) that the documents requested are necessary for the preparation of some specific non-frivolous court action. *See United States v. Wilkinson*, 618 F.2d 1215, 1218-19 (7th Cir. 1980); *Rush v. United States*, 559 F.2d 455, 459 (7th Cir. 1977). These minimal requirements do not impose any substantial burden to financially unable prisoners who desire their records be sent to them at government expense.

Here, Hussein's motion is insufficient. First, he did not attach his prison trust fund statement and second, he has not demonstrated that he exhausted means of access to his file.

Accordingly, the Court **DENIES** defendant's motion (doc. 251).

**IT IS SO ORDERED.**

Judge Herndon
2018.03.28
15:12:58 -05'00'

**United States District Judge**